UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JENNIFER FEINERMAN,

                          Plaintiff,

           - against -

T-MOBILE USA and DAVID
LAMPKIN, individually,

                     Defendants.

No. 08 Civ. 3517 (GEL) (DFE)

ECF Case

**ANSWER**

------------------------------------------------------------x

       Defendant T-Mobile USA, by its attorneys Friedman Kaplan Seiler & Adelman

LLP, for its Answer to the Complaint in this action, states as follows:

               1.      Denies the allegations in paragraph 1 of the Complaint, except admits that

plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964.

               2.      Denies the allegation in paragraph 2 of the Complaint, except admits that

plaintiff purports to bring this action pursuant to New York State Human Rights Law and the

Administrative Code of the City of New York.

               3.      Denies the allegations in paragraph 3 of the Complaint, except admits that

plaintiff has filed this action purporting to seek monetary relief.

               4.      Denies the allegations in paragraph 4 of the Complaint, except admits that

plaintiff has filed this action purporting to complain that she has suffered, is suffering and will

continue to suffer economic and non-economic damages.

               5.      States that the allegations in paragraph 5 of the Complaint set forth a

conclusion of law to which no response is required, and otherwise denies knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      States that the allegations in paragraph 6 of the Complaint set forth a conclusion of law to which no response is required, and respectfully refers the Court to the "Notice of Right to Sue Letter" referred to therein.

7.      States that the allegations in paragraph 7 of the Complaint set forth a conclusion of law to which no response is required.

8.      States that the allegations in paragraph 8 of the Complaint set forth a conclusion of law to which no response is required.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.      Denies the allegations in paragraph 11 of the Complaint, except admits that plaintiff was employed by T-Mobile from November 2002 to August 2007.

12.      States that the allegations in paragraph 12 of the Complaint set forth a conclusion of law to which no response is required.

13.      Denies the allegations in paragraph 13 of the Complaint, except admits that T-Mobile is a corporation licensed to do business in the State of New York and that it has an office located at 665 Broadway, Suite 400, New York, New York.

14.      States that the allegations in paragraph 14 of the Complaint set forth a conclusion of law to which no response is required.

15.     Denies the allegations in paragraph 15 of the Complaint, except admits that Lampkin is an individual who is currently employed by T-Mobile.

16.     Denies the allegations in paragraph 16 of the Complaint, except admits that for a certain time Lampkin was plaintiff's supervisor.

17.     Denies the allegations in paragraph 17 of the Complaint.

18.     States that the allegations in paragraph 18 of the Complaint set forth a conclusion of law to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.     Denies the allegations in paragraph 19 of the Complaint.

20.     Denies the allegations in paragraph 20 of the Complaint, except admits that plaintiff purports to charge T-Mobile with discrimination.

21.     Denies the allegations in paragraph 21 of the Complaint, except admits that in November 2002, plaintiff was hired by T-Mobile as a Regional Business Sales Director (later in her employment holding the title Regional Director, Business Sales) and was based in T-Mobile's sales office in New York, New York.

22.     Denies the allegations in paragraph 22 of the Complaint, except admits that plaintiff held sales positions at T-Mobile from November 2002 until August 24, 2007, and that, among other things, she was responsible for recruiting, hiring, training, managing and motivating certain sales employees.

23.     Denies the allegations in paragraph 23 of the Complaint, except admits that plaintiff had these responsibilities, among others.

24.     Denies the allegations in paragraph 24 of the Complaint.

25.     Denies the allegations in paragraph 25 of the Complaint, except admits the allegations in paragraph 25 of the Complaint with respect to T-Mobile's mid-market business sales.

26.     Denies the allegations in paragraph 26 of the Complaint.

27.     Denies the allegations in paragraph 27 of the Complaint.

28.     Denies the allegations in paragraph 28 of the Complaint.

29.     Denies the allegations in paragraph 29 of the Complaint, except admits that plaintiff closed outer borough offices and added new sales teams in New York City.

30.     Denies the allegations in paragraph 30 of the Complaint, except admits on information and belief that plaintiff contributed to developing certain training programs and facilitating certain training sessions.

31.     Denies the allegations in paragraph 31 of the Complaint.

32.     Denies the allegations in paragraph 32 of the Complaint.

33.     Denies the allegations in paragraph 33 of the Complaint.

34.     Denies on information and belief the allegations in paragraph 34 of the Complaint.

35.     Denies the allegations in paragraph 35 of the Complaint, except admits that plaintiff was awarded the Peak Achievement Award (which includes a one-week paid trip to Hawaii) in 2004 for her work in 2003.

36.     Denies the allegations in paragraph 36 of the Complaint.

37.     Denies the allegations in paragraph 37 of the Complaint.

38.     Denies the allegations in paragraph 38 of the Complaint.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40.    Denies the allegations in paragraph 40 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff worked until May 24, 2005.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42.    Denies the allegations in paragraph 42 of the Complaint, except admits that plaintiff did not take FMLA leave following the birth of her first child.

43.    Denies the allegations in paragraph 43 of the Complaint, except admits that in 2005 T-Mobile restructured its business sales groups by merging the general business and the enterprise business teams.

44.    Denies the allegations in paragraph 44 of the Complaint, except admits that certain T-Mobile employees were separated from T-Mobile as a result of the restructuring of its business sales groups.

45.    Denies the allegations in paragraph 45 of the Complaint, except admits that plaintiff was retained by T-Mobile and that her sales duties were expanded to cover mid-market and enterprise business sales in New Jersey.

46.    Admits the allegations in paragraph 46 of the Complaint.

47.    Admits the allegations in paragraph 47 of the Complaint.

48.    Denies the allegations in paragraph 48 of the Complaint, except admits that MacKay became Vice President, Business Sales and that plaintiff did not apply for – and was not considered for – this position.

625147.1                                   5

49.     Denies the allegations in paragraph 49 of the Complaint, except admits that Robertiello and MacKay were not intimately familiar with plaintiff's performance.

50.     Denies the allegations in paragraph 50 of the Complaint, except admits that plaintiff received recognition from Robertiello on a few occasions for certain sales achievements.

51.     Denies the allegations in paragraph 51 of the Complaint, except admits that in recognition for certain sales achievements, on a few occasions plaintiff received gift certificates from giftcertificates.com from Robertiello.

52.     Denies the allegations in paragraph 52 of the Complaint.

53.     Denies the allegations in paragraph 53 of the Complaint.

54.     Denies the allegations in paragraph 54 of the Complaint.

55.     Denies the allegations in paragraph 55 of the Complaint.

56.     Denies the allegations in paragraph 56 of the Complaint.

57.     Denies the allegations in paragraph 57 of the Complaint.

58.     Denies the allegations in paragraph 58 of the Complaint.

59.     Denies the allegations in paragraph 59 of the Complaint, except admits that MacKay held a meeting including Directors and Managers in Scottsdale, Arizona in February 2006.

60.     Admits on information and belief the allegations in paragraph 60 of the Complaint.

61.     Denies the allegations in paragraph 61 of the Complaint.

62.     Denies the allegations in paragraph 62 of the Complaint.

63.     Denies the allegations in paragraph 63 of the Complaint.

625147.1                                    6

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68.     Respectfully refers the Court to the email referenced in paragraph 68 of the Complaint for the complete and accurate presentation of the contents thereof, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to whether Robertiello sent an email reply to plaintiff's email referenced in paragraph 68 of the Complaint.

70.     Denies the allegations in paragraph 70 of the Complaint, except admits that after the meeting in Scottsdale, MacKay spoke with plaintiff about meetings that MacKay was holding and about plaintiff's perception of those meetings.

71.     Denies the allegations in paragraph 71 of the Complaint, except admits that plaintiff indicated she would have trouble attending these meetings.

72.     Denies the allegations in paragraph 72 of the Complaint, except admits that plaintiff conveyed this perception to MacKay.

73.    Denies the allegations in paragraph 73 of the Complaint, except admits that MacKay told plaintiff that he would be willing to work out a replacement for plaintiff for the next meeting otherwise requiring her to travel.

74.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint, except admits that at some point plaintiff informed MacKay that she was pregnant with her second child.

75.    Denies the allegations in paragraph 75 of the Complaint, except admits that at some point MacKay discussed with plaintiff child care while plaintiff traveled.

76.    Denies the allegations in paragraph 76 of the Complaint.

77.    Denies the allegations in paragraph 77 of the Complaint, except admits that at some point plaintiff informed MacKay of the substance of the statements set forth in paragraph 77.

78.    Denies the allegations in paragraph 80 of the Complaint, except admits that MacKay has said, in substance, that meetings were often on the West coast because T-Mobile is a West coast company.

79.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.

80.    Denies the allegations in paragraph 80 of the Complaint, except admits that between April – October 2006, plaintiff attended certain, but not all, required meetings.

81.    Denies the allegations in paragraph 81 of the Complaint, except admits that in 2006 plaintiff attended a portion of the Wireless Enterprise Symposium in Orlando, which MacKay requires all Regional Directors to attend.

82.    Denies the allegations in paragraph 82 of the Complaint, except admits on information and belief that plaintiff attended a sales and customer care summit in Chicago run by Sue Nokes, then- Senior Vice President of Sales and Customer Service and MacKay's boss, and that the summit lasted two days.

83.    Denies the allegations in paragraph 83 of the Complaint, except admits that the Orlando meeting referenced in paragraph 81 and the Chicago meeting referenced in paragraph 82 are not the same as meetings MacKay held with the Regional Directors who indirectly reported to him.

84.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint.

85.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint.

86.    Denies the allegations in paragraph 86 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether plaintiff worked until October 23, 2006.

87.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint.

88.    Denies the allegations in paragraph 88 of the Complaint, except admits that plaintiff did not take FMLA leave immediately following the birth of her second child.

89.    Denies the allegations in paragraph 89 of the Complaint.

90.    Denies the allegations in paragraph 90 of the Complaint, except admits that in early December 2006, T-Mobile conducted an annual evaluation of its leadership (Director and above) on a 3 x 3.

91.     Denies the allegations in paragraph 91 of the Complaint, except admits that in a 3 x 3, a team of T-Mobile employees consisting of plaintiff's superior, direct reports, and certain internal customers and peers, provides a 360 degree review that is used as a component of the 3 x 3 evaluation, which evaluates core competencies of leadership and values.

92.     Denies the allegations in paragraph 92 of the Complaint, except admits that in late 2006 Robertiello called plaintiff to discuss her 3 x 3 evaluation.

93.     Denies the allegations in paragraph 93 of the Complaint.

94.     Denies the allegations in paragraph 94 of the Complaint.

95.     Denies the allegations in paragraph 95 of the Complaint, except admits that Robertiello knew plaintiff and endeavored to have plaintiff placed in the vital core.

96.     Denies the allegations in paragraph 96 of the Complaint, except admits that Robertiello informed plaintiff that she needed to fulfill all of her job responsibilities, including travel.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint.

98.     Denies the allegations in paragraph 98 of the Complaint.

99.     Denies the allegations in paragraph 99 of the Complaint, except admits that in response to plaintiff telling Robertiello that she intended to stop coming into the office, Robertiello informed her, among others things, that it could be beneficial for her to take maternity leave and that it could create an opportunity for others in the office to take a temporary leadership role.

100.    Denies the allegations in paragraph 100 of the Complaint.

101.    Respectfully refers the Court to the email referenced in paragraph 101 of the Complaint for the complete and accurate presentation of the contents thereof.

102.    Respectfully refers the Court to the email referenced in paragraph 102 of the Complaint for the complete and accurate presentation of the contents thereof.

103.    Respectfully refers the Court to the email referenced in paragraph 103 of the Complaint for the complete and accurate presentation of the contents thereof.

104.    Respectfully refers the Court to the email referenced in paragraph 104 of the Complaint for the complete and accurate presentation of the contents thereof, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint.

105.    Respectfully refers the Court to the email referenced in paragraph 105 of the Complaint for the complete and accurate presentation of the contents thereof.

106.    Respectfully refers the Court to the email referenced in paragraph 106 of the Complaint for the complete and accurate presentation of the contents thereof.

107.    Respectfully refers the Court to the email referenced in paragraph 107 of the Complaint for the complete and accurate presentation of the contents thereof, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint.

108.    Denies the allegations in paragraph 108 of the Complaint, except admits that plaintiff's request for FMLA leave from T-Mobile was approved from December 11, 2006 through March 4, 2007.

109.    Admits the allegations in paragraph 109 of the Complaint.

110.    Denies the allegations in paragraph 110 of the Complaint.

111.    Denies the allegations in paragraph 111 of the Complaint.

112.    Denies the allegations in paragraph 112 of the Complaint.

113.    Denies the allegations in paragraph 113 of the Complaint.

114.    Denies the allegations in paragraph 114 of the Complaint, except admits that in or about early May 2007, a symposium with T-Mobile partners and clients took place in Orlando, Florida.

115.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the Complaint.

116.    Denies the allegations in paragraph 116 of the Complaint, except admits that Lampkin informed plaintiff that MacKay was concerned that plaintiff had not been present for the entire client symposium in Orlando.

117.    Denies the allegations in paragraph 117 of the Complaint.

118.    Denies the allegations in paragraph 118 of the Complaint, except admits that the allegations in that paragraph accurately describe one purpose of the symposium.

119.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Complaint.

120.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Complaint, except admits that during the symposium in Orlando, plaintiff informed MacKay that she had a meeting with Johnson & Johnson.

121.    Denies the allegations in paragraph 121 of the Complaint.

122.    Denies the allegations in paragraph 122 of the Complaint, except admits that MacKay sent an email substantially similar to the email referenced in paragraph 122 of the

Complaint, and respectfully refers the Court to the email referenced in paragraph 122 of the Complaint for the complete and accurate presentation of the contents thereof.

123.    Denies the allegations in paragraph 123 of the Complaint.

124.    Denies the allegations in paragraph 124 of the Complaint, except admits that on June 13, 2007, a Sales and Customer Service Leadership Competency meeting was scheduled to take place in Boston, Massachusetts.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Complaint.

126.    Denies the allegations in paragraph 126 of the Complaint.

127.    Denies the allegations in paragraph 127 of the Complaint.

128.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Complaint, except admits on information and belief that plaintiff attended the meeting in Boston, Massachusetts on or about June 13-14, 2007.

129.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the Complaint.

130.    Denies the allegations in paragraph 130 of the Complaint, except admits that plaintiff made a request to Lampkin that she not be required to attend a meeting in Austin, Texas in July 2007 due to her small children.

131.    Denies the allegations in paragraph 131 of the Complaint.

132.    Denies the allegations in paragraph 132 of the Complaint, except admits that plaintiff told Lampkin that she would not attend the meeting in Austin, Texas in July 2007 due to her small children.

133.    Denies the allegations in paragraph 133 of the Complaint, except admits that plaintiff offered to attend a couple of days of the meeting in Austin, Texas in July 2007.

134.    Denies the allegations in paragraph 134 of the Complaint, except admits that, among other things, Lampkin suggested that plaintiff consider other positions within T-Mobile that did not have the same travel requirements as her then-current position.

135.    Denies the allegations in paragraph 135 of the Complaint.

136.    Denies the allegations in paragraph 136 of the Complaint.

137.    Admits the allegations in paragraph 137 of the Complaint.

138.    Denies the allegations in paragraph 138 of the Complaint, except admits that plaintiff asked Lampkin for flexibility regarding travel.

139.    Denies the allegations in paragraph 139 of the Complaint, except admits that at some point Lampkin agreed to speak with MacKay about plaintiff's requests.

140.    Denies the allegations in paragraph 140 of the Complaint, except admits that Lampkin and plaintiff had a telephone call about plaintiff's requests approximately one week after their face-to-face meeting.

141.    Denies the allegations on paragraph 141 of the Complaint, except admits that, among other things, Lampkin asked plaintiff if she would attend the meeting in Austin, Texas.

142.    Denies the allegations in paragraph 142 of the Complaint, except admits that plaintiff continued to state that she would not travel to attend required meetings due to her small children.

143.    Denies the allegations in paragraph 143 of the Complaint, and respectfully refers the Court to the email referenced in paragraph 143 of the Complaint for a complete and accurate presentation of the contents thereof.

144.    Denies the allegations in paragraph 144 of the Complaint.

145.    Denies the allegations in paragraph 145 of the Complaint, and respectfully refers the Court to the email referenced in paragraph 145 of the Complaint for a complete and accurate presentation of the contents thereof.

146.    Denies the allegations in paragraph 146 of the Complaint, except admits that on July 24, 2007, plaintiff and Frye spoke, among other things, to discuss the language in plaintiff's email to Lampkin regarding "similarly situated males."

147.    Denies the allegations in paragraph 147 of the Complaint, except admits that when plaintiff informed Frye that one such individual was Keith Gould, Frye told plaintiff, among other things, that Gould was a Manager and plaintiff was a Director.

148.    Denies the allegations in paragraph 148 of the Complaint.

149.    Denies the allegations in paragraph 149 of the Complaint.

150.    States that on agreement with plaintiff, T-Mobile has served its Confidential response to paragraph 150 on plaintiff, which will be kept Confidential, and that T-Mobile will file such reply under seal upon entry of a sealing order in this action.

151.    States that on agreement with plaintiff, T-Mobile has served its Confidential response to paragraph 151 on plaintiff, which will be kept Confidential, and that T-Mobile will file such reply under seal upon entry of a sealing order in this action.

152.    Denies the allegations in paragraph 152 of the Complaint, except admits that plaintiff made many requests for an accommodation due to her being the mother of small children.

153.    Denies the allegations in paragraph 153 of the Complaint, except admits that Lampkin called plaintiff with a representative from Human Resources on the line.

154.    Denies the allegations in paragraph 154 of the Complaint, except admits that Lampkin told plaintiff, among other things, that she could resign her employment with T-Mobile and accept four months of severance pay.

155.    Admits the allegations in paragraph 155 of the Complaint.

156.    Admits the allegations in paragraph 156 of the Complaint.

157.    Denies the allegations in paragraph 157 of the Complaint, except admits that plaintiff asked T-Mobile to put the request that she go on administrative leave in writing.

158.    Denies the allegations in paragraph 158 of the Complaint, except admits that plaintiff did not go on administrative leave, as had been requested.

159.    Denies the allegations in paragraph 159 of the Complaint, except admits that on August 13, 2007, Lampkin left plaintiff a voicemail message indicating that he needed to speak with her right away.

160.    Admits the allegations in paragraph 160 of the Complaint.

161.    Denies the allegations in paragraph 161 of the Complaint, except admits that plaintiff asked T-Mobile to put the request that she go on administrative leave in writing.

162.    Respectfully refers the Court to the email referenced in paragraph 162 of the Complaint for the complete and accurate presentation of the contents thereof.

163.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 of the Complaint, except admits that plaintiff left T-Mobile on administrative leave on August 14, 2007.

164.    Denies the allegations in paragraph 164 of the Complaint, except admits that on or about August 14, 2007 T-Mobile suspended plaintiff's corporate email account.

165.    Denies the allegations in paragraph 165 of the Complaint.

166.    Denies the allegations in paragraph 166 of the Complaint, except admits that plaintiff's desk and cell phone numbers were removed from T-Mobile's directory.

167.    Denies the allegations in paragraph 167 of the Complaint, except admits that plaintiff and DeSilva planned a joint meeting at the Long Island Marriot for August 15, 2007 for their respective regions, which plaintiff did not attend.

168.    Denies the allegations in paragraph 168 of the Complaint, except admits that DeSilva informed attendees of the meeting at the Long Island Marriot that plaintiff had an issue that day and would not be attending the meeting.

169.    Denies the allegations in paragraph 169 of the Complaint, except admits that plaintiff voluntarily terminated her employment with T-Mobile on August 24, 2007.

170.    Denies the allegation in paragraph 170 of the Complaint.

171.    Denies the allegations in paragraph 171 of the Complaint.

172.    Denies the allegations in paragraph 172 of the Complaint.

173.    Denies the allegations in paragraph 173 of the Complaint.

174.    Denies the allegations in paragraph 174 of the Complaint.

175.    Denies the allegations in paragraph 175 of the Complaint.

176.    Denies the allegations in paragraph 176 of the Complaint, except admits that T-Mobile knew that plaintiff had two small children.

177.    Denies the allegations in paragraph 177 of the Complaint.

178.    Denies the allegations in paragraph 178 of the Complaint.

179.    Denies the allegations in paragraph 179 of the Complaint.

180.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 of the Complaint.

181.    Repeats and re-alleges its responses to paragraphs 1-180 of the Complaint as set forth above.

182.    Denies the allegations in paragraph 182 of the Complaint.

183.    Denies the allegations in paragraph 183 of the Complaint.

184.    Denies the allegations in paragraph 184 of the Complaint.

185.    Denies the allegations in paragraph 185 of the Complaint.

186.    Denies the allegations in paragraph 186 of the Complaint.

187.    Denies the allegations in paragraph 187 of the Complaint.

188.    Denies the allegations in paragraph 188 of the Complaint.

189.    Denies the allegations in paragraph 189 of the Complaint.

190.    Denies the allegations in paragraph 190 of the Complaint.

191.    Denies the allegations in paragraph 191 of the Complaint.

192.    Denies the allegations in paragraph 192 of the Complaint.

193.    Denies the allegations in paragraph 193 of the Complaint.

194.    Repeats and re-alleges its responses to paragraphs 1-193 of the Complaint as set forth above.

195.    Denies the allegations in paragraph 195 of the Complaint.

196.    Denies the allegations in paragraph 196 of the Complaint.

197.    Denies the allegations in paragraph 197 of the Complaint.

198.    Denies the allegations in paragraph 198 of the Complaint.

199.    Denies the allegations in paragraph 199 of the Complaint.

200.    Denies the allegations in paragraph 200 of the Complaint.

201.    Denies the allegations in paragraph 201 of the Complaint.

202.    Denies the allegations in paragraph 202 of the Complaint.

203.    Denies the allegations in paragraph 203 of the Complaint.

204.    Denies the allegations in paragraph 204 of the Complaint.

205.    Repeats and re-alleges its responses to paragraphs 1-204 of the Complaint as set forth above.

206.    Denies the allegations in paragraph 206 of the Complaint.

207.    Denies the allegations in paragraph 207 of the Complaint.

208.    Denies the allegations in paragraph 208 of the Complaint.

209.    Denies the allegations in paragraph 209 of the Complaint.

210.    Denies the allegations in paragraph 210 of the Complaint.

211.    Denies the allegations in paragraph 211 of the Complaint.

212.    Denies the allegations in paragraph 212 of the Complaint.

213.    Denies the allegations in paragraph 213 of the Complaint.

214.    Denies the allegations in paragraph 214 of the Complaint.

215.    Denies the allegations in paragraph 215 of the Complaint.

216.     Repeats and re-alleges its responses to paragraphs 1-215 of the Complaint as set forth above.

217.     Denies the allegations in paragraph 217 of the Complaint.

218.     Denies the allegations in paragraph 218 of the Complaint.

219.     Denies the allegations in paragraph 219 of the Complaint.

220.     Denies the allegations in paragraph 220 of the Complaint.

221.     Denies the allegations in paragraph 221 of the Complaint.

222.     Denies the allegations in paragraph 222 of the Complaint.

223.     Denies the allegations in paragraph 223 of the Complaint.

224.     Denies the allegations in paragraph 224 of the Complaint.

225.     Denies the allegations in paragraph 225 of the Complaint.

226.     Denies the allegations in paragraph 226 of the Complaint.

227.     Denies the allegations in paragraph 227 of the Complaint.

228.     Denies the allegations in paragraph 228 of the Complaint.

229.     Repeats and re-alleges its responses to paragraphs 1-228 of the Complaint as set forth above.

230.     Denies the allegations in paragraph 230 of the Complaint.

231.     Denies the allegations in paragraph 231 of the Complaint.

232.     Denies the allegations in paragraph 232 of the Complaint.

233.     Denies the allegations in paragraph 233 of the Complaint.

234.     Denies the allegations in paragraph 234 of the Complaint.

235.     Denies the allegations in paragraph 235 of the Complaint.

236.     Denies the allegations in paragraph 236 of the Complaint.

237.    Denies the allegations in paragraph 237 of the Complaint.

238.    Denies the allegations in paragraph 238 of the Complaint.

239.    Denies the allegations in paragraph 239 of the Complaint.

240.    Denies the allegations in paragraph 240 of the Complaint.

241.    Denies the allegations in paragraph 241 of the Complaint.

242.    Repeats and re-alleges its responses to paragraphs 1-241 of the Complaint as set forth above.

243.    Denies the allegations in paragraph 243 of the Complaint.

244.    Denies the allegations in paragraph 244 of the Complaint.

245.    Denies the allegations in paragraph 245 of the Complaint.

246.    Denies the allegations in paragraph 246 of the Complaint.

247.    Denies the allegations in paragraph 247 of the Complaint.

248.    Denies the allegations in paragraph 248 of the Complaint.

249.    Denies the allegations in paragraph 249 of the Complaint.

250.    Denies the allegations in paragraph 250 of the Complaint.

251.    Denies the allegations in paragraph 251 of the Complaint.

252.    Denies the allegations in paragraph 252 of the Complaint.

253.    Denies the allegations in paragraph 253 of the Complaint.

254.    Denies the allegations in paragraph 254 of the Complaint.

255.    Repeats and re-alleges its responses to paragraphs 1-254 of the Complaint as set forth above.

256.    Denies the allegations in paragraph 256 of the Complaint.

257.    Denies the allegations in paragraph 257 of the Complaint.

258.    Denies the allegations in paragraph 258 of the Complaint.

259.    Repeats and re-alleges its responses to paragraphs 1-258 of the Complaint as set forth above.

260.    Denies the allegations in paragraph 260 of the Complaint.

261.    Denies the allegations in paragraph 261 of the Complaint.

262.    Denies the allegations in paragraph 262 of the Complaint.

263.    Denies the allegations in paragraph 263 of the Complaint.

264.    Denies the allegations in paragraph 264 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the applicable periods and statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, laches, estoppel and unclean hands.

WHEREFORE, T-Mobile requests judgment as follows:

I.    Dismissing the Complaint in its entirety;

II.    Awarding T-Mobile the costs and disbursements of this action; and

625147.1

      III.    Awarding T-Mobile such other and further relief as the Court may

deem just and proper.

Dated: New York, New York
       June 25, 2008

                FRIEDMAN KAPLAN SEILER & ADELMAN LLP


By: _____
          Edward A. Friedman (EF1995)
          Hallie B. Levin (HL1628)
          1633 Broadway, 46th Floor
          New York, New York 10019-6708
          Tel: (212) 833-1100

          *Attorneys for T-Mobile USA, Inc.*

TO:

SACK & SACK, ESQS.
Jonathan Sack (JS1835)
110 East 59th Street, 19th Floor
New York, New York 10022
Tel: (212) 702-9000

*Attorneys for Jennifer Feinerman*